## Crisler v. Crisler.

(Decided December 16, 1924.)

### Appeal from Boone Circuit Court.

Divorce—Evidence Held Insufficient to Warrant on Ground of Cruelty.—Evidence held insufficient to warrant divorce on ground of cruel and inhuman treatment.

S. W. TOLIN for appellant.

S. W. ADAMS and GEORGE E. PHILLIPS for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Affirming.

Appellee and appellant were married in May, 1918, and lived together as husband and wife until October, 1922, at which time the latter left her husband's home, and shortly thereafter instituted this action for divorce, on the ground of cruel and inhuman treatment. A large volume of evidence was taken and on final submission the court dismissed the petition. Plaintiff has appealed.

At the time of their marriage they were aged nineteen and eighteen respectively. Appellee's father was a prosperous farmer and appellee his only child. Upon their marriage they went to live with appellee's father and mother. The father built a residence for them, but about the time of its completion he was stricken with a fatal illness, from which he died about a year thereafter. On this account they remained in the family, and after his death, continued to live in the same residence with appellee's mother until their separation at the time above indicated.

The proof for appellant conduces to show that she was well treated during her father-in-law's lifetime, but that appellee was completely under the domination of his mother, and after his father's death devoted himself to her to the exclusion of appellant; that her mother-in-law assumed the entire control of the household and would not permit appellee to take his wife to church or to accompany her elsewhere, or to furnish her money for clothing, that he neglected to furnish her with the necessaries of life; and also required her to do manual labor on the farm, and in addition he and his mother would sometimes go off and leave the house locked so that she

could not get in. She earnestly desired a home elsewhere but he refused to furnish this, telling her he could have a hundred wives if he desired, but could have only one mother.

Appellee, his mother and other relatives contradict these statements and their proof conduces to show that appellant was treated with the utmost kindness and respect by both the husband and his mother; that she was liberally supplied with money by her husband, who took her wherever she desired to go, and who proposed to get a residence in town if she would continue to live with him; that appellant is highly nervous and at times hysterical, and when in that frame of mind very disagreeable.

It is frequently trying for a young wife to be required to live in the home of her husband's people. Perhaps appellant was offended at many things that others would pass unnoticed. Perhaps she had some grounds for complaint. The husband may have been negligent in not procuring a residence elsewhere, but there is evidence that she agreed to remain at the family residence, and at any rate under all the circumstances we cannot say that he was culpable.

There is evidence in the record that these young people still care for each other. Their differences were unfortunate, but are not insuperable. Time is a great restorer and healer, and they may yet find happiness in each other's society. Such seems to have been the opinion of the chancellor, and in cases of this character his judgment is entitled to some weight.

It is further urged that the sum of $100.00 allotted by the lower court to appellant's attorney and taxed against appellee was inadequate, but under all the circumstances of the case we are not disposed to think so.

Perceiving no error the judgment is affirmed.